**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Jimmy Floyd WRIGHT, Defendant–Appellant.**

**No. 87–3876**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Aug. 22, 1988.

Thomas E. Morris, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, and VANCE and COX, Circuit Judges.

PER CURIAM:

In this case, we hold that a defendant's action in hitting his attorney in the courtroom is sufficient to support an 18 U.S.C.A. § 401(1) contempt conviction.

Defendant Jimmy Floyd Wright, while appearing for sentencing in the district court, struck his attorney in the face with his fist. Charged with criminal contempt under 18 U.S.C.A. § 401(1), Wright was convicted by a jury. He moved for judgment of acquittal on the ground that the evidence was insufficient to establish the requisite "obstruction of the administration of justice" under section 401(1). The district court denied the motion. He appealed. We affirm.

Congress has given statutory power to a federal court to punish by fine or imprisonment as contempt of its authority "misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice." 18 U.S.C.A. § 401(1). This provision requires that the misconduct prevents a court from performing its judicial duty. *In re McConnell*, 370 U.S. 230, 234, 82 S.Ct. 1288, 1291, 8 L.Ed.2d 434 (1962).

There is no dispute in this case as to the fact that defendant hit his attorney in a federal courtroom when the judge was on the bench. The issue on this appeal is whether the timing of defendant's action in hitting his attorney was such that it failed,

as a matter of law, to obstruct the administration of justice.

These are the facts: Wright had appeared for sentencing after a criminal conviction. The district court imposed sentences on the defendant on the two counts for which he had been convicted, and committed him to the custody of the Attorney General of the United States on both counts. It advised Wright of his right to an appeal and to assistance of counsel on that appeal. The court granted Wright's trial attorney's motion to withdraw as counsel.

At that point, Wright turned and hit his attorney in the face with his fist. He argues the sentencing proceeding was over, so that his action did not interfere with the administration of justice. He argues that the district judge was leaving the bench at the time this occurred.

The evidence, however, taken in the light most favorable to the Government, *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Pitt,* 717 F.2d 1334, 1339 (11th Cir.1983), *cert. denied,* 465 U.S. 1068, 104 S.Ct. 1421, 79 L.Ed.2d 746 (1984), indicates that the proceeding was not yet completed when Wright struck his lawyer. At least three people testified that, in fact, the proceedings had not yet ended. A deputy clerk in the district court testified that where, as here, a defendant received a confined sentence, it was the custom of the district court to take the additional step of remanding a defendant to the custody of the U.S. Marshal to begin serving his sentence. This act was not performed. The evidence would support a finding that the sentencing judge left the bench and recessed the court due to the altercation. She summoned additional marshals with an alarm located in her chambers. Deputy U.S. Marshals were necessary to restrain Wright in the still occupied courtroom.

The district judge instructed the jury that to support Wright's criminal conviction, four facts must be proved beyond a reasonable doubt: *first,* that the defendant did misbehave as described in the indictment; *second,* that the defendant's actions occurred in the presence of a court of the United States; *third,* that the defendant's actions caused the obstruction of the administration of justice; and *fourth,* that the defendant acted knowingly and willfully. The instructions defined that the administration of justice is obstructed if the defendant's actions caused an immediate interruption of the court's business or proceedings, and that the jury could consider the following factors in making this determination: the reasonably expected reactions of those individuals in the courtroom; the manner in which the remark or conduct is delivered; and the delay in the proceedings caused by the disrespectful outburst or conduct. This is a correct instruction of the law. *See generally United States v. Seale,* 461 F.2d 345, 366–71 (7th Cir.1972).

The district court properly denied Wright's motion for judgment of acquittal. Wright's conduct could be found to amount to an obstruction of the administration of justice under section 401(1).

Wright's remaining arguments concerning the exclusion of testimony and the sentence imposed are without merit.

AFFIRMED.